

**BANKS LAW**
Hardworking attorneys for hardworking people.

Two Logan Square • 100 N. 18th Street • Suite 1910 • Philadelphia PA 19103
Office: (215) 561-1000 • Fax: (215) 561-1020 • Toll Free: 1(855) 686-7709

6/4/2021

U.S. District Court Eastern District of Pennsylvania
601 Market Street, Room 2609
Philadelphia, PA  19106

RE:  Anne Volpe v. UNUM Life Insurance Company of America

Dear Sir or Madam:

Enclosed please find applicable forms with regards to the enclosed Civil Complaint:

- Civil Cover Sheet
- Designation Form
- Case Management Tracking Designation Form (2 copies)
- Summons/Proof of Service
- $402.00 check for processing fee
- Complaint
- CD containing above mentioned forms

Please contact my office with any questions regarding the enclosed.  Thank you for your time and attention to this matter.

Very truly yours,

Halmon L. Banks, III
*Certified Worker's Compensation Specialist*

HLB/mg

CC:   UNUM Life Insurance Company of America
      2211 Congress Street
      Portland, ME 04122

Workers' Compensation • Social Security Disability • Veterans Disability • Long-Term Disability
www.bankslawteam.com • info@bankslawteam.com
*Halmon L. Banks, Esq. is certified by the Pennsylvania Bar Association as a workers' compensation specialist.*

IN THE UNITED STATE DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Anne Volpe | : | CIVIL ACTION |
| | : | |
| | : | NO. |
| *Plaintiff* | : | |
| v. | : | |
| | : | |
| UNUM Life Insurance Company of America | : | |
| | : | |
| *Defendant* | : | |

## COMPLAINT

The Plaintiff, Anne Volpe, by and through her attorney, Halmon L. Banks, III, Esquire, files the instant Federal Civil Complaint against the Defendant, UNUM Life Insurance Company of America, and alleges the following facts in support thereof:

## PARTIES

1. At all times material hereto, Plaintiff, Anne Volpe was, and still, is a resident of the state of Pennsylvania residing at 18 Braeburn Road, Havertown, Pennsylvania 19083.

2. Upon information and belief, at all times material hereto, Defendant, UNUM Life Insurance Company of America ("UNUM") is a Maine corporation with its principle place of business located at 2211 Congress Street, Portland, Maine 04122, with an appellate division mailing address of P.O. Box 9548, Portland, Maine 04104-5058.

## JURISDICTION

3. Jurisdiction of the Court is based upon 29 U.S.C. § 1132 (e)(1) and 1132 (f), which give the District Courts jurisdiction to hear civil actions brought to recover benefits due under the terms of an employee welfare benefit plan. Jurisdiction is also found at 28 U.S.C. § 1331 because this action arises under 29 U.S.C. § 1001 et. seq. (Employee Retirement Income Security Act of 1974, hereinafter referred to as "ERISA").

4. Pursuant to 28 U.S.C. § 1391 (a)(1), (b)(1), (c)(2) and (d), venue is proper in the Eastern District of Pennsylvania ("District") because the Defendant conducts

business in the District and, maintains contacts in the District sufficient to subject it to personal jurisdiction.

## FACTS

5. At all times material hereto, Plaintiff was an employee of Delaware County Memorial Hospital ("DCMH") which is owned by Prospect Medical Holdings, Inc. d/b/a Crozer Keystone Health System located at 501 N. Lansdowne Avenue, Drexel Hill, Pennsylvania 19026.

6. Plaintiff's job title relevant to this action was Physical Therapy Assistant. Plaintiff worked for DCMH for over 27 years. As a Physical Therapy Assistant, Plaintiff was responsible for providing physical therapy to patients which required the forceful use of her hands and arms. She also had to constantly bend over the patient. This involved bending, twisting, and turning of her neck and back. Plaintiff stood throughout the day to perform her job. She used various pieces of equipment, including a stair climber to do stair climbing training. Her job involved frequent stooping, kneeling, squatting, crouching, and reaching. Plaintiff was required to do keyboarding and, had to lift up to 50 pounds.

7. At all times during her employment with DCMH, the Plaintiff was a participant and/or beneficiary under their Long-Term Disability ("LTD") plan.

8. The LTD plan is an employee welfare benefit plan specifically covered under ERISA, 29 U.S.C. § 1001 (2)(A).

9. At all times material hereto, Defendant made and/or participated in making all benefit decisions under their LTD plan.

10. During Plaintiff's employment with DCMH, Defendant issued a long-term group disability ("LTD") income policy. (hereinafter referred to as "POLICY").

11. At all times material hereto, said disability POLICY of insurance was issued for the benefit of certain eligible employees in exchange for the payment of premiums by DCMH and/or its employees.

12. At all times material hereto, Plaintiff was and is an employee eligible for LTD benefits as an insured under the POLICY.

13. Said POLICY provided, among other things, that LTD insurance benefit payments will be made to Plaintiff in the event that she becomes disabled as a result of an injury or sickness.

14. Under the POLICY, an employee is considered DISABLED if they are limited from performing the material and substantial duties of their regular occupation due to a sickness or injury and, they have a 20% or more loss in their indexed

monthly earnings due to the same sickness or injury. After 24 months of LTD payments, the employee is deemed disabled if they are unable to perform the duties of any gainful occupation for which they are reasonably fitted by education, training or experience. The employee must also be under the regular care of a physician to be considered disabled.

15. On or about 1/14/2019, during the period within which her coverage was in full force and effect under the applicable LTD POLICY, and while Plaintiff was an eligible employee, Plaintiff became disabled within the meaning of, and, pursuant to the terms of the POLICY.

16. As of this date, Plaintiff continues to be disabled in that she is unable to perform, the duties of her prior occupation or, any gainful occupation in her own local economy for which she might be qualified, as these terms are defined under the subject POLICY.

17. Plaintiff's disability was caused by underlying spinal stenosis of the cervical spine with resultant cervical radiculopathy that required cervical fusion surgery on 1/14/2019, and a second surgery in May 2019. Plaintiff also underwent revision surgery on her lumbar spine to address failed back surgery that was performed in 2008. The revision surgery on the back was done on 1/13/2020 in the form of a L3-L5 posterior lumbar decompression with interbody fusion, insertion of instrumentation cage and, allograft/autograft BMP revision at L5-S1. Plaintiff also had right hand surgery in 2018 that resulted in permanent restrictions.

18. Plaintiff received LTD benefits (less the applicable offset for Social Security Disability benefits) for 24 months from 3/15/2019 to 3/14/2021.

19. By letter dated 3/3/2021, the Defendant advised the Plaintiff that they were denying her claim for LTD benefits as of 3/14/2021 because she no longer met the definition for "disability" under the POLICY as of that date.

20. By letter dated 4/19/2021, Plaintiff appealed the denial of 3/3/2021. In her appeal, Plaintiff admitted that she tried to return to work in January 2021 in a very limited, part-time (earning 60.00 per week) capacity as a Physical Therapy Aide. Plaintiff was only able to do this limited work until 4/6/2021 when her doctor took her back out-of-work completely due to her disabling conditions.

21. By letter dated 5/26/2021, the Defendant advised the Plaintiff that her appeal was denied and that the original decision not to pay LTD benefits beyond 3/14/2021 was correct and would remain. This Federal Civil Complaint from that denial followed.

22. Plaintiff cooperated with the Defendant in all respects, provided proper proof of her loss in support of her claim and, otherwise complied with the POLICY terms and conditions regarding the filing and maintenance of her claim.

23. Pursuant to the POLICY, Defendant was obligated to commence the payment of monthly LTD benefits to the Plaintiff following the expiration of her 90 day elimination period or, about 3/14/2019.

24. Despite Plaintiff's continued total disability as defined in the POLICY, Defendant has denied all LTD insurance benefits after 3/14/2021 to the Plaintiff, and continues to refuse to pay benefits pursuant to the POLICY although payment thereof has been properly demanded.

25. Said refusal on the part of the Defendant is a willful and wrongful breach of the terms and conditions of the POLICY and, represents a clear abuse of discretion in denying this claim.

26. In denying Plaintiff's application for LTD benefits, Defendant neglected to provide an explanation of the scientific or clinical judgement used as grounds for denying the claim, and such failure prevented the perfection of Plaintiff's LTD claim.

27. Defendant afforded little weight to the opinions of Plaintiff's treating physicians who clearly stated that she has not been able to work since 1/14/2019, and again on 4/6/2021 because of her disabling conditions.

28. Defendant's denial of LTD benefits to Plaintiff is unreasonable and unsupported by substantial evidence, and as such, constitutes a breach of their fiduciary duty under the POLICY.

29. Defendant's unreasonable and unsupported denial of Plaintiff's LTD claim is evidenced by the number of procedural irregularities in its claims handling, including but not limited to; failure to request and obtain all of the medical records from the Plaintiff's treating doctors who clearly support her claim for ongoing disability despite being notified of same; the failure to consider the impact of Plaintiff's disabling conditions, separately and together, which limit her ability to perform all of the essential duties of her regular occupation or, any occupation; refusal to consider Plaintiff's credible subjective complaints about her inability to work; the reliance upon a selective review of medical records to reach a result-oriented claims determination; the failure to utilize appropriate qualified and unbiased medical professionals to reach decisions and/or render opinions on levels of impairment; the biased and flawed vocational analysis of Plaintiff's claim; the failure to perform a fair and neutral evaluation of Plaintiff's medical condition, her significant restrictions and limitations caused by her disabling conditions, and other forms of biased claims handling.

30. Defendant's claims handling resulted in numerous violations of 29 C.F.R. § 2560.503-1 et. seq.

31. Defendant's claims handling failed to provide Plaintiff with a full and fair review of her claim.

32. Defendant's claims handling demonstrates a bias against Plaintiff's claim due to its impact on Defendant's financial situation, which prevented Plaintiff from receiving a full and fair review of her claim.

33. Plaintiff attempted to exhaust all administrative appeals and remedies to the extent that they exist pursuant to the terms of the POLICY.

34. By reason of the foregoing claims handling conduct, Defendant failed, by operation of law, to establish and follow reasonable claims procedures that would yield a fair decision on the merits of the Plaintiff's claim. 29 C.F.R. § 2560.503 (1).

35. Because Defendant failed to satisfy the minimal procedural safeguards set forth in 29 C.F.R. § 2560.503 (1), Defendant's adverse benefit determination is not entitled to any judicial deference.

36. Defendant willfully failed to comply with ERISA regulations.

37. Monthly disability insurance benefits to Plaintiff are still due and owing by Defendant on a continual basis.

38. Plaintiff is entitled to receive total life-time LTD benefits under the POLICY, discounted to present value, due to the Defendant's arbitrary and capricious decision to deny Plaintiff's LTD claim.

39. Plaintiff is entitled to receive, in addition to the benefits due under the POLICY, reimbursement for reasonable attorney's fees and costs incurred to litigate this action pursuant to 29 U.S.C. 1132 (g).

**WHEREFORE**, Plaintiff, Anne Volpe prays that she may have a declaratory judgement herein declaring the rights and legal obligations of the parties hereto regarding the matters set forth in the Complaint as follows:

a) Plaintiff is disabled pursuant to the terms of the subject POLICY of insurance issued by Defendant in that she is unable to perform the duties of her own occupation or, any gainful occupation within her local economy which she is qualified to perform by virtue of her education, training and experience;

b) Defendant is obligated to pay continuing LTD benefits to the Plaintiff pursuant to the POLICY and, shall pay all benefits in arrears since the denial of benefits, plus interest;

c) Defendant's obligation to pay benefits to Plaintiff shall continue as long as she remains disabled pursuant to the terms of the POLICY, subject to the applicable maximum benefit period in the POLICY;

d) Defendant is obligated to pay Plaintiff total life-time LTD benefits under the POLICY, discounted to present value;

e) Plaintiff shall be afforded appropriate equitable relief to redress Defendant's violation of the terms of the POLICY, and/or any other appropriate relief, as provided for by CIGNA v. Amara, 131 S.Ct. 1866 (2011).

f) Pursuant to ERISA § 502 et. seq., Plaintiff is entitled to recoup attorney's fees, as well as all other costs incurred in this action, along with pre-judgment and post-judgment interest;

g) Plaintiff may return to this Court, upon motion, to seek further declaratory relief in the event it becomes necessary; and,

h) Such other relief as this Court may deem just and proper.

By: _____
Halmon L. Banks, III, Esquire
Attorney I.D. No. 45113
**BANKS LAW**
Two Logan Square
100 North 18th Street, Suite 1910
Philadelphia, PA  19103
(215) 561-1000
Attorney for Plaintiff

Date: 6/4/2021

## CERTIFICATE OF SERVICE

I, Halmon L. Banks, Esquire, certify that on this date the foregoing *Complaint* was filed electronically on the CM/ECF website for the District Court for the Eastern District of Pennsylvania and is available for viewing by all electronic filers through the court's CM/ECF system.

By: _____
Halmon L. Banks, III, Esquire
Attorney I.D. No. 45113

Date: 6/4/2021